Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff CARMEN JOHN PERRI

Stephen E. Abraham, Esq. (State Bar No. 172054)
Law Offices of Stephen E. Abraham
1592 Pegasus Street
Newport Beach, California 92660
stephen@abraham-lawoffices.com

Attorneys for Defendants
CHIVENS, INC. and L.A. PACIFIC PLAZA LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual<br><br>Plaintiff,<br><br>v.<br><br>CHIVENS, INC., a California corporation; L.A. PACIFIC PLAZA LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 8:17-cv- 00190 -JVS-JDE<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date: April 29, 2019**<br><br>**Time: 11:30 a.m.**<br><br>**Hon. James V. Selna** |

NOW COME Plaintiff CARMEN JOHN PERRI ("Plaintiff") and Defendants CHIVENS, INC. and L.A. PACIFIC PLAZA LLC ("Defendants") (collectively

referred to as "the parties"), by and through the undersigned counsel and hereby respectfully submit the instant jointly prepared, and signed Rule 26(f) Scheduling Report.

**I.     Synopsis**

Plaintiff's Synopsis:

Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects. As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate. At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA. He has a Disabled Person Parking Placard issued to him by the State of California.

Plaintiff personally visited Defendant's Property on one occasion but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendant's facility, even though he would be classified as a "bona fide patron." Specifically, he desired to visit the subject property as a consumer, but experienced difficulty due to Defendant's failure to provide adequate access to the subject business and its interior.

Defendant L.A. PACIFIC PLAZA LLC owns the real property located at 8335 Garden Grove Blvd., Garden Grove, California 92844 ("Property") where the subject restaurant The Fire Crab (the "Business"), operated by Defendant CHIVENS, INC., is located. It is alleged that Defendants are liable to Plaintiff for the alleged ADA violations.

The Business is a restaurant that is open to the public and thus a public place of accommodation and a business establishment. Instead of having a compliant designated disabled parking on the Property, Defendants have a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5).

Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1). Defendants also have a sink that has exposed drain pipes and a towel dispenser that is too high according to ADAAG specifications.

Defendant's failure to provide accessible facilities is discriminatory against Plaintiff and constitutes a violation of Plaintiff's rights under the ADA and the California Unruh Civil Rights Act. Plaintiff seeks injunctive relief and the statutory minimum damages award for these violations.

Defendants' Synopsis:

Plaintiff has not sufficiently alleged an injury in fact. He vaguely describes the date – "on or about." The only reason for not specifying the date without any ambiguity in the complaint would be to avoid being "pinned down" as to any facts. Plaintiff does not describe any attempt to park even in a lot with allegedly non-compliant conditions. Yet, for all of his professed difficulties in the parking lot, he appeared to have no problem getting inside the restaurant. In other words, this complaint has all of the hallmarks of a "drive-by" lawsuit where the objective was not to patronize the restaurant but to gather information for litigation. Moreover, the inclusion of claims on the interior of the restaurant either demonstrate that Plaintiff got into the restaurant or that someone other than plaintiff is "spotting" alleged noncompliant conditions.

## II. Legal Issues

Plaintiff's Explanation of Legal Issues:

The principal legal issues are: (1) whether the Defendant is responsible under the law to remove/ remediate barriers; (2) whether Plaintiff has standing to seek either damages or injunctive relief; (3) the nature and extent of damages.

Defendants' Explanation of Legal Issues:

The disputed legal issues are: (1) Whether Plaintiff has standing to maintain

his action; (2) Whether this Court has jurisdiction to hear the matter; (3) Whether Plaintiff actually encountered an actionable architectural barrier; (4) Whether Plaintiff has suffered an injury in fact; (5) Whether this Court should exercise jurisdiction over state claims; (6) Whether Plaintiff has damages for which he is entitled to any relief in this Court.

### III.   Damages

<u>Plaintiff</u>: Plaintiff seeks a preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 et seq., and UCRA, Civil Code § 51 et seq. with respect to its operation of the Business and the Property; an award of statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code; and an additional award of $4,000.00 as deterrence damages for each violation pursuant to Johnson v. Guedoir, 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016).

Plaintiff claims that he is entitled to the minimum statutory damages for his encounters and deterrence of not less than $16,000.00.

Attorneys fees are sought pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

<u>Defendants</u>: Unless Plaintiff can meet the standard under Civil Code section 55.56, there is no basis for an award of monetary damages. To the extent Plaintiff claims anything in excess of one encounter, Plaintiff has failed to mitigate his damages, as required under the Unruh Act. Given Plaintiff's demand, the reality is that this lawsuit is motivated by money and not access.

### III.   Insurance

There is no insurance applicable to the claims in this action.

### IV.   Motions

Plaintiff anticipates filing a motion for summary judgment.

Defendants

Amendment of Pleadings – Plaintiff has had months since the complaint was filed to come up with new allegations or theories. This is a typical tactic of Plaintiff's attorneys who will base a complaint on one or two alleged violations in a parking lot and then use the complaint to bootstrap other claims relating to conditions never encountered by the plaintiff. However, if plaintiff never encountered those conditions, they cannot serve as an independent basis for federal jurisdiction. As an independent ground, Plaintiff should not be allowed to amend the complaint where he has had months to consider the nature of claims and parties. Plaintiff asks this Court to be allowed to amend the pleadings after the discovery cut-off, an obviously unacceptable position. If permitted, the deadline for amending the pleadings should be set at no later than thirty days after this scheduling conference.

## V. Discovery and Experts

### A. Initial Disclosures

The Parties will exchange initial disclosures within 14 days after the Scheduling Conference.

### B. Scope and Timing of Discovery

The Parties propose that discovery shall commence immediately upon the Parties' meet and confer efforts in accordance with FRCP 26(d). The Parties assert that phasing of discovery is not necessary in this instance.

Plaintiff: Plaintiff will propound a set of Interrogatories, Requests for Admission, and Requests for Production of Documents. Plaintiff intends to take the deposition of the Defendant and conduct an expert site inspection as permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Plaintiff intends to seek discovery related to: (1) the ownership and maintenance of the Business and the Property, including the existence of any accessibility barriers

and accessible routes; (3) history of changes or modifications to the Business and the Property; (4) the feasibility of providing access to persons with disabilities.

Defendants: While Defendants intend to conduct written discovery, the jurisdictional issues can be decided on facts presently known or readily available to Plaintiff. Defendant is well aware that discovery is often used by parties in these cases in order to drive up costs and attorney fees. With that in mind, Defendants will propound one set of written discovery that, if Plaintiff is forthcoming in his responses, should be sufficient to establish the absence of justiciable claims in this forum. Defendants intend to seek discovery related to: Plaintiff's standing, including plaintiff's claims relating to patronage of or attempts to patronize Defendants' business; Plaintiff's patronage of similar businesses as well as other businesses in the general area; Plaintiff's claims that the conditions of Defendants' property amounted to actionable architectural barriers or actually created a barrier to access.

## VI. Dispositive Motions

Plaintiff anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act.

Defendants anticipate filing (a) motion to dismiss for lack of federal jurisdiction; (b) motion for partial summary judgment based on moot federal claim and no basis for maintaining jurisdiction over state claims.

## VII. Settlement and Settlement Mechanism

Plaintiff has attempted to discuss settlement with Defendants. In the event that this matter is not expeditiously resolved, Plaintiff selects ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4.  ADR Procedure No. 2 states, "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel."

## VII. Trial Estimate

Plaintiff estimates approximately 4 days for trial. Plaintiff reserves her right to a jury trial on all issues raised in the Complaint.

## IX. Timetable:

The Presumptive Schedule of Pretrial Dates form is attached hereto as Exhibit A to this Report.

## X. Other Issues

No additional issues other than those reflected herein are anticipated at this time. Plaintiff reserves her right to raise and address any additional issues as they may arise.

## XI. Conflicts

Plaintiff anticipates no conflicts at this time.

Defendants – none.

## XII. Magistrates

Plaintiff does not wish to have a magistrate judge preside.

Defendants have no objection to the assigned magistrate presiding over all matters in this case.

Dated: April 22, 2019          **MANNING LAW, APC**

By: /s/ *Joseph R. Manning Jr., Esq.*
    Joseph R. Manning Jr., Esq.
    Michael J. Manning, Esq.
    Attorneys for Plaintiff

Dated: April 22, 2019

**Law Offices of Stephen E. Abraham**

By: /s/ *Stephen E. Abraham, Esq.*
    Stephen E. Abraham, Esq.
    Attorneys for Defendants

## Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 22, 2019_  **MANNING LAW, APC**

By: /s/ *Joseph R. Manning Jr., Esq.*
Joseph R. Manning Jr., Esq.