Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff: CARMEN JOHN PERRI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CHIVENS, INC., a California corporation; L.A. PACIFIC PLAZA LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.: 8:19-cv-00190-JVS-JDE**<br><br>**MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT**<br><br>**DATE:  9/9/2019**<br>**TIME:**  1:30 p.m.<br>**COURTROOM:**  10C<br><br>**HON. JAMES V. SELNA** |

## I.     INTRODUCTION

On January 31, 2019, Plaintiff CARMEN JOHN PERRI ("Plaintiff") filed the complaint in this case alleging violations of the Americans With Disabilities Act

---

**MOTION FOR LEAVE TO AMEND COMPLAINT**

1

("ADA") and the Unruh Civil Rights Act ("Unruh Act"). [ECF No. 1]. The Plaintiff's Complaint alleges that the Fire Crab restaurant and the property on which it is located at 8335 Garden Grove Blvd., Garden Grove, California 92844 ("Subject Property") are not accessible to persons with disabilities.

On March 12, 2019, Defendant filed an answer [ECF No. 15].

On July 15, 2019, Plaintiff's expert, Kenneth Arrington who is a Certified Access Specialist ("CASp"), inspected the Subject Property. Plaintiff now moves to amend his Complaint to elaborate on the barrier areas addressed in the Complaint by adding additional factual allegations and additional violations found by Plaintiff's expert during the July 15, 2019 inspection.

Plaintiff initiated the meet and confer process regarding the instant motion on July 26, 2019. Defendant has not yet responded to Plaintiff's attempt to meet and confer. *See* Declaration of David M. Fitzgerald.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure gives parties the opportunity to amend their pleadings in two different circumstances. The first circumstance, which is not available to Plaintiff at this time, is *Amending as a Matter of Course.* This is an automatic amendment that is allowed as long as it is done either before a response to the pleading is filed or 20 days after the pleading sought to be amended is filed.[1]

Secondly, if time has passed or a responsive pleading has been filed, the amending party's only other option is to either seek the consent of the opposing party to amend, or obtain leave to amend from the court.[2] When seeking leave to amend from the court, the court will give leave to amend "when justice so requires."[3] Generally, leave to amend will be granted unless the weighing of several factors shows

---

[1] FRCP 15(a)1

[2] FRCP 15(a)2

[3] FRCP 15(a)2

that the amendment would be inappropriate.[4] It may be denied where it creates an element of undue surprise or prejudice to the opposing party.[5] Courts have pointed out that no unfair prejudice should be found simply because a party has to defend against a better-pleaded claim.[6] Where a deficiency could be cured by an amendment, leave to amend should be granted.[7]

### III. ARGUMENT

As stated above, Defendant has violated the ADA and Unruh Act by failing to provide a facility that is accessible to persons with disabilities. Plaintiff seeks leave of Court to elaborate on the areas addressed in the Complaint by adding additional factual allegations and additional violations found by Plaintiff's expert during the July 15, 2019 inspection. Motions to Amend should be granted as justice so requires and Plaintiff is entitled to relief from Defendants based upon a Complaint conforming to the evidence which seeks complete relief. As such, justice requires that Plaintiff be granted leave to amend Plaintiff's operative pleading.

Motions to amend should only be denied if granting the motion would cause undue surprises or prejudice to other party. At this stage of litigation and the nature of the requested amendment, Defendant's strategy in defending this matter will be minimally affected as Defendant and defense counsel are readily familiar with both the allegations and associated causes of action. Indeed, Plaintiff's Complaint states that

---

[4] United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F. 3d. 1048, 1052 (9th Cir. 2001) (Weighing bad faith undue delay, prejudice and futility)

[5] Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F. 3d 1048 1052 (9th Cir. 2003) ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight.")

[6] Popp Telcom, Inc. v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.")

[7] Lopez v Smith, 203 F. 3d 1122, 1130 (9th Cir. 200) (leave to amend should be granted even if not requested).

Plaintiff will seek to inspect the Subject Property and amend the Complaint upon completion of the inspection. [ECF No. 1 *at* p. 5]. Since the amended Complaint would not materially change any position Defendant has taken, this would not constitute undue surprise on the Defendants.

For the reasons discussed above, Plaintiff's amendment would not adversely affect Defendant's defenses. Thus, it would not constitute undue prejudice on Defendant as the opposing party.

## IV.   CONCLUSION

This Court should grant Plaintiff leave to amend Plaintiff's Complaint because justice does so require. It would not cause undue surprise or prejudice to Defendant because it neither adversely affects Defendant, nor does it substantially change Defendant's defenses. In no way does it cause prejudice to Defendant as Defendant is already preparing to defend in relatively the same manner as it would after an amendment to Plaintiff's operative pleading. Therefore, in weighing these factors, this Court should grant Plaintiff's Motion for Leave to Amend the Complaint.

Dated: August 2, 2019         **MANNING LAW, APC**

By: */s/ Joseph R. Manning, Jr., Esq.*
    Joseph R. Manning Jr., Esq.
    Michael J. Manning, Esq.
    Craig G. Côté, Esq.
    Attorneys for Plaintiff

---

**MOTION FOR LEAVE TO AMEND COMPLAINT**