**Law Offices of Stephen Abraham**
Stephen E. Abraham, Esq. (State Bar No. 172054)
stephen@abraham-lawoffices.com
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorney for Defendants Chivens, Inc.;
L.A. Pacific Plaza LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **CARMEN JOHN PERRI**, an individual,<br><br>                            *Plaintiff,*<br><br>          *v.*<br><br>**CHIVENS, INC.**, a California corporation; **L.A. PACIFIC PLAZA LLC**, a California limited liability company, an individual; and Does 1-10,<br><br>                            *Defendants.* | Case No. 8:19-cv-00190-JVS-DFM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Hon. James V. Selna<br><br>Ronald Reagan Federal Building and U.S. Courthouse<br>411 West 4th Street<br>Courtroom 10C<br>Santa Ana, CA 92701-4516<br><br>Date: 9/9/2019<br>Time: 1:30 p.m.<br>Courtroom: 10C |

    Defendants, Chivens, Inc. ("**Chivens**") and L.A. Pacific Plaza LLC ("**LAPP**") ("**Defendants**"), herewith submit their opposition to Plaintiff's *__untimely__* motion for leave to amend his complaint.

Stephen E. Abraham
— LAW OFFICES —
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Opp re FAC                                          1
DEFENDANTS' OPP TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

# I.

## INTRODUCTION AND SUMMARY

This case involves suit under the Americans with Disabilities Act ("ADA") and various state-law theories.

Plaintiff filed his complaint on January 31, 2019. [Doc. 1]

This Court issued its scheduling order on June 24, 2019, fixing the date for particular acts in this litigation. Of relevance, the "Last Day to Amend Pleadings or Add Parties" was fixed as August 2, 2019.

Plaintiff waited until August 2, 2019 – more than six months after filing the complaint – to move this court for leave to amend. Plaintiff waited until after written discovery was taken to move to amend. He waited until after a mediation was held to move to amend.

Plaintiff could have brought his motion before the cut-off date set by this Court. He chose instead to wait until long after the deadline set by this Court.

Plaintiff claims there is no prejudice. To the contrary, Plaintiff's assertion invites scrutiny by this Court not merely on the question of amended pleadings but on the question of whether Plaintiff and his counsel have engaged in unwarranted if not improper acts, including delaying amending his pleadings in order to prolong this litigation by "moving the goalposts."

Even were this Court to conclude that the date fixed was the last date to move to amend the complaint, this Court should nevertheless deny the request based on the prejudice to Defendants as a result of Plaintiff's addition of claimed barriers not merely clarifying but significantly expanding the scope of this action.

# II.

## RESPONSE TO PLAINTIFF'S STATEMENT OF RELEVANT FACTS

Plaintiff sets forth at page 2 of his points and authorities what he claims are the *relevant* facts. Plaintiff's chronology omits a number of important dates and mischaracterizes others.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Opp re FAC                    1
DEFENDANTS' OPP TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff makes no mention of this Court's scheduling order nor the mediation. Plaintiff offers no explanation as to why his CASp inspector waited months to inspect the *exterior* of Defendants' property, an area open to the public that could have been inspected at any time.

Plaintiff claims that the amendment merely "elaborate[s] on the barrier areas addressed in the Complaint…" (P&A, Doc. 23-1 at 2:7-9). This statement is demonstrably false. Plaintiff's complaint targets three items on the property:

> 15. Instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1); a sink that has exposed drain pipes; and, a towel dispenser that is too high according to ADAAG specifications.

Three items – built-up curb ramp, sink pipes, and towel dispenser – and nothing more.

Plaintiff's proposed amended complaint adds more than a dozen entirely new claims extending beyond the three identified in the complaint, all of which were presumably open, conspicuous, and easily identified by plaintiff or his expert months before now, including:

> the slope in the left van accessible space has cross slopes measuring between 2.9% and 5.3%, exceeding the maximum allowed (Section 502.4); the shared accessible aisle contains slopes that measure between 2.6% and 4.6%, exceeding the maximum allowed (Section 502.4); the right accessible space contains slopes that measure between 3.1% and 4.0%, exceeding the maximum allowed (Section 502.4); the designated accessible parking area serving the Business contains an accessible aisle that is not on the same level as its adjacent accessible parking spaces, separated by a 1" abrupt change in level with the van accessible space and a ¾" abrupt change in level with the standard accessible space (Section 502.4); the width of the van accessible space is not compliant with the adjacent accessible aisle, measuring 111 ¼" wide and 91 ¾" wide, respectively (Section 502.1, 502.2, 502.3.1); the south curb ramp contains cross slopes measuring as high as 2.7% (Section 405.3); the accessible route from the public right of way contains an abrupt change in level transitioning from the city sidewalk, measuring as high as 1 ¾" (Section 303.1; 303.2; 303.3; 403.4); the accessible route from the public right of way contains an abrupt change in level that is adjacent to the city sidewalk, that measures as high as 2 ¼" and has an approximate 30" radius (Section 303.1; 303.2; 303.3;

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

DEFENDANTS' OPP TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

403.4); the accessible route from the ramp serving the accessible parking area at public right of way to the entrance of the Business contains an abrupt change in level which measures as high as 3" and approximately 2" in width (Section 303.1; 303.2; 303.3; 403.4); the walking surfaces serving the accessible ramp at public right of way to the entrance of the Business contained cross slopes measuring between 2.6% and 3.4%, exceeding the maximum allowed (Section 403.3); and the southwest corner of the building contains an abrupt change in level measuring as high as 1 ½" (Section 303.1; 303.2; 303.3; 403.4).

[Proposed Amend Complaint, ¶16]

Plaintiff does not merely torture the word "elaborate" but proposes a new complaint ignoring all bounds of what was previously claimed, straying far from a built-up ramp in an access aisle to entrances and city sidewalks.

This is not an elaboration of a prior complaint but, instead, a new complaint.

### III.

### DISCUSSION

Plaintiff may correctly state the standard for motions for leave to amend but his calculation of the factors is ignored if not grossly distorted.

1.   **PLAINTIFF UNREASONABLY DELAYED BRINGING HIS MOTION**

Plaintiff Carmen John Perri, a prolific litigant, filed his complaint against Defendants on January 31, 2019. He _alleged_ that he went to Defendants' property – a restaurant – on January 22, 2019 and found conditions that allegedly caused Plaintiff "difficulty, humiliation and frustration." (*Id.*, ¶20).

He alleged that these violations were "obvious and blatant" (*Id.*, ¶26) and "the failure to remove these barriers was intentional." (*Id.*). He subsequently sued, not only claiming the one encounter but deterrence. (*Id.*, ¶22).

In Plaintiff's proposed amended complaint, he alleges that all of the violations are "obvious and blatant." (Proposed First Amended Complaint ("PFAC") at ¶28)

Nevertheless, Plaintiff's argument in support of his motion for leave to amend, after all of the events that have passed in this case, must necessarily rest on the proposition that nothing was obvious and nothing could have been added

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

Opp re FAC                   3
DEFENDANTS' OPP TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

sooner. Furthermore, Plaintiff's reliance upon general policies and principles relating to amending complaints in support of his belated motion entirely misses the point that mark amendment is granted *upon showing of diligence* on the part of the moving party.

Ignoring "obvious" claims for six months demonstrates *no* diligence.

2.   **PLAINTIFF'S AMENDED COMPLAINT PREJUDICES DEFENDANTS BY SEEKING TO LITIGATE ENTIRELY DIFFERENT PORTIONS OF THE PROPERTY**

Plaintiff's assertion that Defendants are not prejudiced borders on the absurd. In the operative pleading, Plaintiff alleged three simple conditions – ramp, sink, and paper towel dispenser. On the other hand, Plaintiff's newly-proposed complaint adds at least eleven new claims based on even more cited provisions of the accessibility standards.

A number of the new claims heap upon the prior claims additional aspects or elements, belying Plaintiff's assertion that he didn't encounter them but, nevertheless, is entitled to litigate them.[1]

In sum, these are not the "same operative facts" but an entirely different complaint. Plaintiff might as well have substituted himself for some other plaintiff and his attorneys have brought a different complaint. At least, in that instance Defendants could also hit the "reset" button. But the problem here is that there is no "reset" button to press.

Defendants propounded written discovery and, absent an order of this Court, have no further right to propound additional written discovery.

Even if this Court were to permit Defendants to start over, they have expended thousands of dollars defending *this* case. Plaintiff knowingly waited until this point in the litigation, content to ask for a "redo," and knowing full well that an essential aspect of determining whether to fight or settle is the estimated costs

---

[1] In fact, it would have been impossible for Plaintiff to enter the restaurant and not notice many of the newly stated claims.

Stephen E. Abraham
— LAW OFFICES —
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Opp re FAC                                         4
                    DEFENDANTS' OPP TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

of litigation. By waiting until now to bring this motion, Plaintiff has essentially doubled Defendants' cost of defense.[2]

The only way to truly avoid prejudice to Defendants *caused* by Plaintiff's conduct (and that of his attorneys) would be to truly hit the "reset" button, meaning, at the very least, that this Court permit the filing of the amended complaint only if Defendants are now allowed to take discovery on the new complaint without being limited by the prior discovery and pay Defendant's cost for litigating the "old case."

For the foregoing reasons, this Court should find that Defendants have been unfairly and unreasonably prejudiced by Plaintiff's tactics as well as those of his attorneys.

## IV.

## CONCLUSION

Based on consideration of each of the factors and with absolutely no justification offered by Plaintiff for bringing his motion long after all the facts supporting the new claims were known to him, this Court should and is requested to **DENY** Plaintiff's motion for leave to amend.

Dated: August 12, 2019          LAW OFFICES OF STEPHEN ABRAHAM

By:     /s/ Stephen E. Abraham
        Stephen E. Abraham
        Attorney for Defendants

---

[2] Of course, Plaintiff has no interest in such pedestrian matters given the *largely* one-sided fee provisions under which his complaint is prosecuted.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Opp re FAC                              5
DEFENDANTS' OPP TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On August 13, 2019, I served the foregoing document described as: **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** thereon on all interested parties in this action as follows:

Manning Law, APC                                        Representing Plaintiff
Joseph R. Manning, Jr.
Michael J. Manning, Esq.
Craig Cote, Esq.
Tristan P. Jankowski
4667 MacArthur Blvd. Suite 150
Newport Beach, CA 92660

[x]     **e-Filing/ECF pursuant to Court order**

[]     **BY MAIL -** By addressing a true copy of the above document as set forth above. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]     **VIA E-MAIL** the receipt of which was confirmed by such means as were reasonably calculated to ensure actual receipt by the recipient of the document.

Executed on August 13, 2019, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____/s/ Stephen E. Abraham_____
Stephen E. Abraham

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Opp re FAC                                                                  8:19-cv-00190-JVS-DFM